REGAN, Judge.
Plaintiff, Jessie S. Brooks, owner and operator of -a Dodge truck, instituted this suit endeavoring to recover the sum of $4,276.25, allegedly representing personal injuries and property damages incurred by himself and his truck on September 26, 1941, at 3:10 p. m. by virtue of a collision in the ascending outbound intersection of S. Claiborne Avenue and Calliope Street, with a 1940 Buick automobile, owned and operated negligently, on the afternoon of the accident, by the defendant, Frank Mis-tretta.
Defendant - answered denying that he was guilty of negligence in the premises and, - in the alternative, pleaded contributory negligence.1 •
The court, a qua, rendered judgment in favor of plaintiff in the amount of $100 and from that judgment plaintiff has prosecuted this appeal requesting that the quantum be increased from $100 to the amount originally prayed for, or the sum of $4,276.25.'
The record reveals simple, btit the usual controversial facts, always present in an intersectional collision.
S. Claiborne Avenue. is a, well known boulevard in. the .City of New Orleans, and consists of an ascending and descending roadway separated by a neutral ground.
Calliope Street also consists, at the situs of the accident, of an inbound and outbound roadway and is likewise divided by a neutral ground. There were no auto- *277 tnatic police semaphore traffic- signals at this intersection to expedite' or. facilitate the regulation- of traffic, merely a conventional “stop sign” on the corner of Calliope Street where it intersects S. Claiborne Avenue.
Plaintiff contends that he was driving his truck-in the inbound roadway of Calliope , Street, proceeding from the lake to the river, and approached the intersection ■of S. Claiborne Avenue, where he came to a stop, thus obeying the “stop, sign” at ■this corner, and then proceeded to cross -the ascending or outbound roadway of S.' •Claiborne Avenue, and had traversed approximately three-quarters of the width of this roadway, at which time the left rear fender of 'his truck was struck by defendant’s automobile; that defendant was tra-velling at a speed of thirty-five miles per hour with the left section of the hood of the car open (that section of the hood directly in front of the operator’s seat) to permit a mechanic, who was lying on the “running board” or fender, to work on the transmission or “gearshift”.
Defendant maintains that he was driving his automobile from Tulane Avenue in about the center of the ascending or •outbound roadway of S. Claiborne Avenue -at a speed, which he admits to be twenty-five miles per hour, with the left section ■of the hood of his 1940 Buick open “at about a 45 degree angle”;' when he approached Calliope Street he observed plaintiff’s truck which he expected to “stop when it got to S. Claiborne Avenue” and he testified “when I did realize that he (plaintiff) didn’t care" about stopping, it was too lat<-.; there was nothing I could do'about it but just pile right into him”. Defendant struck the left rear portion of plaintiff’s truck.
Plaintiff’s pertinent allegations relátive to defendant’s negligence are that “defendant failed to keep a proper lookout, was -driving at an excessive speed” and “failed to keep his car under control”.
Defendant’s counsel, ■ in oral argument before this Court, did not seriously urge the lack, of negligence on the part of defendant, but did attempt to resist the efforts of plaintiff’s counsel to increase the quantum of the judgment rendered by the court, a qua.
A careful analysis of the evidence adduced in the trial court convinces us that the judgment relative to defendant’s negligence, herein rendered, is eminently correct! The evidence reflects that plaintiff did come to a stop in Calliope Street before attempting to traverse S. Claiborne Avenue, and had succeeded in his effort to preenipt this thoroughfare by reason of his prior entry, when he was struck by defendant, who,' under the prevailing circumstances, was negligently tra-velling at a speed of between1 twenty-five and thirty-five miles per hour, with the left section of the hood raised to an angle of about 45 degrees, thus preventing him, together with the evident -distraction of the mechanic working thereunder, from observing that which he should have seen, which constituted almost as much negligence as though defendant had driven with his eyes closed. Defendant’s plea of contributory negligence on the part of plaintiff is not supported by the evidence.
Plaintiff contends that because of the personal injuries and property damage which he incurred by virtue of the accident, he was entitled to recover from -the defendant the sitm of $4,276.25, which he itemizes as follows:
“Pain and suffering $3,000.00
Shock to his nervous system and mental anguish 1,000.00
Damages to his automobile 176.25
Doctor Bill 25.00
Dentist Bill 75.00
$4,276.25”
No evidence was introduced by plaintiff in support of his -claim for damages to his truck which, incidentally; had been called to the attention of plaintiff’s counsel by the trial judge. With respect to the physical injuries suffered 'by plaintiff, Dr. Arthur White, who administered to plaintiff about three hours after the accident testified that:
“He had a contusion with a swelling of the left jaw. He had three small lacera- *278 íions' of the left chest, with swelling and rales over the area — in other words, 'the rales that you hear over.an area of contusion, showing that you have some ' lung injury there, enough to cause some rales. He was spitting up blood when I saw him and he had some swelling of the left side of his thigh and he had an abrasion of his left leg. I only saw him one time.
, “ * * * * * *
“I gave him some lockjaw serum, and since he, was hemorrhaging from the mouth, I gave him an injection of morphine. ■ He was, complaining ,of severe pain at that time. And I gave him some capsules with codein and aspirin to, take at home. He was supposed to return to the clinic, but I never saw him after that.”
In view of the above testimony, which-stands uncontradicted in the record, together with the fact that plaintiff testified that he was incapacitated for about two weeks, it is our opinion that the judgment of the court, a qua, awarding plaintiff the sum of $100 should be increased to-the sum of $250. ' ■
For the reasons .assigned the judgment appealed from is amended by increasing the amount thereof from $100 to the sum of $250-and as thus amended the judgment is affirmed.
Amended and affirmed.